UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOCIETE D'AMENAGEMENT ET DE
GESTION DE L'ABRI NAUTIQUE,

        Plaintiff,

  v.                                    Case No. 16-C-785

MARINE TRAVELIFT, INC.,

        Defendant.

**ORDER**

On May 30, 2018, the Court granted Plaintiff Societe D'Amenagement et de Gestion De L'Abri Nautique's (Sagan) motion for summary judgment against Defendant Marine Travelift, Inc. (MTI), which sought to recognize the validity of a French judgment rendered by the Versailles Court of Appeals that Sagan obtained against MTI. Because the Court recognizes the French judgment as valid and enforceable, Sagan requests that the relief prescribed in that judgment be incorporated in an order in this case. The Court directed Sagan to file a proposed judgment and an analysis regarding a final judgment amount. Sagan filed its proposed judgment on August 2, 2018, MTI filed objections to the proposed judgment on August 13, 2018, and Sagan filed a reply on August 20, 2018. After an August 31, 2018 telephone conference with the Court, the parties filed supplemental briefing on September 10, 2018. The matter is now ready for disposition.

Sagan requests that the final judgment incorporate: (1) 58,665.00€ in damages awarded by the Versailles Court of Appeals; (2) a 4,000.00€ award of prevailing party statutory costs pursuant to Article 700 of the French Code of Civil Procedure; (3) 7,326.83€ in legal costs pursuant to Article

699 of the French Code of Civil Procedure; and (4) 34,846.56€ in capitalized interest. MTI raises two objections to the proposed judgment. The Court will address each in turn.

MTI first contends Sagan did not properly calculate interest in accordance with Article 1154 of the French Civil Code. Article 1154 provides, "Interest due on capital may produce interest, either by a judicial claim, or by a special agreement, provided that, either in the claim, or in the agreement, the interest concerned be owed at least for one whole year." MTI asserts that interest may be added into the principal only after the interest is owed at least for one year and one day. In other words, because Sagan adds in the past year's accrued interest on every one-year anniversary of the April 9, 2004 date the French court ordered interest could begin accruing at, MTI argues that Sagan is improperly collecting interest on recent portions of the interest that have not been owed for one full year. MTI suggests that the interest owed should accordingly be reduced to 29,733.06€, though it does not attach its calculation. The Court finds that MTI's reading of Article 1154 is incorrect and would produce absurd results, as it would require each year's worth of interest to be calculated and capitalized separately. Interest began to accrue on the claim beginning April 9, 2004, and was clearly owed for more than one whole year before the French judgment was rendered on March 28, 2013. Therefore, Sagan's interest calculation is correct, and it is entitled to an award of interest totaling 34,846.56€, as of July 31, 2018.

MTI also maintains Sagan has not supported its request for 7,326.83€ in legal costs, which includes 2,833.98€ in expert consultancy fees, 1,472.21€ in appellate fees, 970.01€ in Court of Appeal disbursements, and 2,050.63€ in Court of First Instance disbursements. In its supplemental briefing, Sagan has produced receipts for its incurred costs as well as a declaration of Olivier Redon, Sagan's French counsel, explaining the costs Sagan expended. After reviewing Sagan's submissions,

I am satisfied that these costs were actually incurred. Accordingly, the Court will award Sagan 7,326.83€ in costs.

MTI's objections to the proposed judgment are overruled. Sagan is directed to update its interest calculation so that an order for final judgment can be entered.

**SO ORDERED** this  21st  day of September, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court
